United States District Court
Southern District of Texas
**ENTERED**
August 10, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R. MICHAEL LEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-22-2027 |
| | § | |
| AT&T, VICTOR MANUEL MEDRANO, CARLOS SANCHEZ ALVAREZ, HPD OFC. T.D. CHAPMAN, HPD OFC. N.P. MATTHEWS, CITY OF HOUSTON, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This order is to address some procedural confusion in this case. R. Michael Lee filed a petition in state court on February 28, 2022, against AT&T, two AT&T contractors, two Houston police officers, and the City of Houston. He alleged that the defendants conspired to deprive him of his Fourth and Fourteenth Amendment rights, because he was "seiz[ed] without probable cause," and "depriv[ed] of due process rights (substantive and procedural)." (Docket Entry No. 1-1).

Victor Manuel Medrano, an AT&T contractor, filed his answer in state court on June 15, 2022, and an amended answer on June 16, 2022. The City of Houston removed the case on June 22, 2022. AT&T filed an answer in federal court on June 27, 2022. That answer—which was filed as an "answer," not as a "motion"—includes the sentence that AT&T "pleads pursuant to Fed. R. Civ. P. 12(b)(6) that Plaintiff's Original Petition fails to state a claim upon which relief may be granted, because Plaintiff has failed to plead facts and elements necessary for a claim of conspiracy and failed to show that Defendant's conduct as alleged in the Petition constitutes state

action as required under the Fourth and Fourteenth Amendments to the United States Constitution." (Docket Entry No. 3, at 1). On July 7, 2022, the two police officers and the City of Houston moved to dismiss under Rule 12(b)(6). (Docket Entries No. 5, 6).

After noticing that AT&T's "answer" contained a motion to dismiss, the court alerted the parties of the issue, and reset the upcoming initial conference, noting that "[t]he reset [was] based on additional time needed to address the pending motions to dismiss." (Docket Entry No. 15).

Lee filed an amended complaint on July 29, 2022. The amended complaint includes more details about the allegations and partially recasts Lee's claims. Lee still alleges a civil conspiracy, but he now also alleges a claim for "malicious prosecution" and alleges that the City of Houston "failed to adequately train or supervise [the officers] in the Texas Penal Code or Code of Criminal Procedure, specifically on issues of defining and identifying . . . Probable Cause." (Docket Entry No. 16, at 91).

Lee did not seek the opposing parties' written consent or this court's leave to file the amended complaint. Rule 15 allows amendment as a matter of course only if the amendment is filed "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Lee's amended complaint was filed 22 days after the July 7, 2022, motions to dismiss, and 43 days after the first responsive pleading. The City of Houston, the officers, and AT&T have moved to strike the amended complaint as too late.[1]

The court denies the motions to strike. While Lee did not comply with Rule 15, Lee may have been confused by (1) the removal to federal court after Medrano's response in state court, (2) AT&T's response by "answer" instead of "motion," and (3) this court's notice of resetting on July

---

[1] AT&T's motion to join Chapman, Matthews, and the City of Houston's motion to strike, Docket Entry No. 19, is granted.

28, 2022, notifying the parties that "[t]he reset [was] based on additional time needed to address the pending motions to dismiss."

To streamline resolution of this case, the court denies the pending motions to dismiss, (Docket Entries No. 3, 5, 6), as moot. The court allows Lee to file his amended complaint, (Docket Entry No. 16). The court denies the motions to strike that complaint. (Docket Entries Nos. 17–18). The defendants may refile their motions to dismiss, or answers, to the amended complaint by no later **August 30, 2022.** Lee may respond by **September 20, 2022.** The initial conference is reset to **October 11, 2022**, at 10 A.M., by Zoom. A link will be separately set.

SIGNED on August 10, 2022, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge